1

2

3                  UNITED STATES DISTRICT COURT

4                  EASTERN DISTRICT OF WASHINGTON

5

6   CHERYL MOOSE,                          )
                                           )
7                                          )   No.  CV-10-248-JLQ
                         Plaintiff,        )
8                                          )
              vs.                          )   **ORDER RE: DEFENDANT'S**
9                                          )   **MOTION FOR SUMMARY**
    SPOKANE INTERNATIONAL                  )   **JUDGMENT**
10  AIRPORT,                               )
                                           )
11                       Defendant.        )
    _____   )
12
        BEFORE THE COURT is Defendant Spokane International Airport's Motion for
13
    Summary Judgment (ECF No. 39).  On April 28, 2011, the court heard telephonic oral
14
    argument.   Michael McMahon participated on behalf of the   Richard Mount and
15
    Kimberly Kamel participated on behalf of Plaintiff.  The court took the matter under
16
    advisement and authorized counsel to submit supplemental briefs.  The following order
17
    is intended to supplement and memorialize the comments and rulings of the court:
18
        **IT IS HEREBY ORDERED:**
19
        1.  Defendant's Motion for Summary Judgment (ECF No. 39) is taken under
20
    advisement.
21
        2. Each side may submit a supplemental brief, no longer than ten (10) pages in
22
    length, no later than **May 5, 2011** at **12:00 p.m.**  These briefs can address issues raised
23
    in the previously filed briefs, at oral argument and the following:
24
                a) Regarding the Plaintiff's disclosure obligations in her Chapter 13
25          proceedings, what weight, if any, is to be accorded Bankruptcy Appellate
            Panel decision *In re Jones,* 420 B.R. 506 (9th Cir. BAP 2009)(citing Ninth
26          Circuit Court of Appeals authority for support at fn 14), which utilized the
            "estate termination" approach to reconciling § 1327(b) and 1306(a)?
27

28  ORDER - 1

b) Assuming there was a duty to disclose her post-confirmation potential claims to the bankruptcy court, is there a factual question whether the failure to disclose was inadvertent, especially considering the apparent uncertainty of the law in the Ninth Circuit?

c) Bankruptcy Rule 1019(5) requires a debtor upon conversion to Chapter 7 to file a schedule of post-petition *debts*. A schedule of post-petition acquired *property* is required "except if...348(f)(2) does not apply." 1019(5)(C)(i). There is no contention here that 348(f)(2) (bad faith conversion) applies. Does Rule 1019 presume that the post-petition acquired property of the good faith debtor will already be "listed in the final report and account" lodged by the Trustee?

3. Given the court's heavy calendars and schedules, if the parties should agree to settle this matter they shall promptly notify the court. As the court advised counsel, the trial of this matter shall trail the numerous criminal trials presently set and in view of the uncertainty of criminal matters proceeding to trial, short notice of trial or a continuance thereof may result.

IT IS SO ORDERED. The Clerk shall enter this Order and furnish copies to counsel.

Dated this 28th day of April, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2